Smith v. Lydick.

————•————

42 209
37a 684
42 209
78a 97

LEWIS SMITH, Respondent, v. ADAM LYDICK, Appellant.

Judgment affirmed.

### Error to Livingston Circuit Court.

*Hall & Oliver*, for plaintiff in error.

*McFerran & Collier*, for defendant in error.

HOLMES, Judge, delivered the opinion of the court.

The plaintiff recovered judgment against the defendant, in an action of claim and delivery, for the value of a mare and colt. On appeal to the Fifth District Court the judgment was affirmed, and the defendant appeals to this court.

It is contended that the court below erred in giving and refusing instructions, and more particularly in refusing the instructions asked for by the defendant. It is not denied that an actual possession, which is a lawful one, is evidence of title as against any one who does not show a better title; but it is insisted, on the part of the defendant, that there was evidence before the jury tending to show that the mare had been captured from the public enemy before she came into the possession of the person from whom the plaintiff had purchased her, which might furnish a proper basis for the instructions refused for him. Upon examination, we are satisfied that there was no sufficient evidence for that purpose.

It seems that the plaintiff had admitted in conversation with some of the witnesses, after the mare had been taken out of his possession by the military authorities of the State, that she was

State of Missouri ex rel. v. Oddle et al.

" contraband." It would be difficult to say what he meant by this. It appears that the militia men called her by that name. It furnishes no proof that the mare had been captured from the public enemy, nor that, if she had been, the person from whom the plaintiff bought her for a valuable consideration, with delivery of possession, had not acquired a valid title from the captor. It had no proper tendency to rebut or disprove the *prima facie* title shown by the plaintiff. We conclude, therefore, that there was no error in refusing the instructions. The instructions given for the plaintiff placed the issue fairly before the jury, and we see no good reason for disturbing the verdict.

Judgment affirmed. The other judges concur.