STATE EX REL. ALBERT LEMON, Plaintiff in Error, v. JOHN W. RUCKER ET AL., Defendants in Error.

Kansas City Court of Appeals, December 7, 1885.

1. EXECUTION—CLAIM OF PROPERTY—FAILURE TO TAKE INDEMNIFYING BOND—LIABILITY OF OFFICER FOR.—Before any liability attaches to the officer for not taking an indemnifying bond from the plaintiff, under section 3023 Revised Statutes (claim of property by a person other than defendant), the party claiming the goods should take such action, by complying with the requirements of the statute, as to bring himself under its protection.

2. ——— TAKING PROPERTY NOT BELONGING TO DEFENDANT.—If an officer takes the property of one not the defendant in the execution, he is guilty of a trespass without regard to notice, and would be liable to an action therefor.

3. ——— PROCESS REGULAR ON ITS FACE—OFFICER'S DUTY—CASE ADJUDGED.—Where process is regular on its face, and comes from a court having jurisdiction over the subject-matter, the officer is not bound to examine into it; he need not go behind the writ. This rule would only apply when he is taking the property of the defendant in the execution. If he takes the property of a third person, in the hands of defendant in execution, he must show his execution and the judgment back of it. It is only by showing that he acted for a *creditor*, on a valid judgment against defendant in execution, that he can question the title of the claimant. The judgment upon which the execution issued, in this case, was void, being against a married woman, and could not be enforced by process.

ERROR to Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

WASH ADAMS and ROBERT T. HOLT, for plaintiff in error.

I.  The testimony offered, and refused, tended to

show that the constable violated his duty; was notified that he was about to sell the property of another (not the defendant), and had put upon him the duty of taking an indemnifying bond, in compliance with the statute. It was error to exclude it. Rev. Stat., sect. 3023.

II. A judgment against a married woman is void. In such cases the court is devoid of jurisdiction, has no power to act, and the proceeding is *coram non judice*. *Higgins v. Peltzer*, 49 Mo. 152.

III. The judgment being void, may be attacked in a collateral proceeding. An officer is not justified in attempting to execute a void writ, when he has *knowledge* of the facts rendering it void, whether obtained *from the writ, or otherwise*. Freeman on Executions, sects. 20, 102; *Sprague v. Richards*, 1 Wis. 457; *Grace v. Mitchell*, 31 Wis. 533; Herman on Executions, sect. 152; Freeman on Judgments, sect. 117; Murfree on Sheriffs, sect. 103.

IV. The property of claimant was simply left in the care of defendant in execution. It was not subject to execution for the debts of another person in whose care it was. *Sumner v. Cotter*, 71 Mo. 126.

SCARRITT & SCARRITT, for the respondents.

I. The notice to the constable was not in compliance with the statute. Rev. Stat., sect. 3023.

II. There is no allegation in the petition that defendant in execution was a married woman *at the time of judgment* against her; and even if it be so, the fact and notice of it are immaterial.

III. Where the court has power to render the judgment (*i. e.*, had jurisdiction of the subject-matter), the writ, if good upon its face, will protect the officer; he need not, in that case, look beyond the writ. *Patzack v. Von Gerichten*, 10 Mo. App. 429; *Savacool v. Boughton*, 5 Wend. (N.Y.) 170; Freeman on Executions, sects. 100, 101; *Howard v. Clark*, 43 Mo. 348.

IV. The transcript shows no evidence that would warrant a judgment for plaintiff, wherefore the case was

properly withdrawn from the jury. Rev. Stat., sect. 2505.

ELLISON, J.—This was an action against defendant, Rucker, as principal, and the other defendants, as sureties, on the official bond given by Rucker, as constable of Kaw township, Jackson county. The breach assigned was, that said Rucker, as constable, under an execution on a judgment rendered by a justice of the peace, in favor of Milton Welsh, and against Sarah Gilstrap, a married woman, levied upon, seized, and sold, a lot of household goods belonging to plaintiff, it being also stated that he failed, although legally notified in writing to take an indemnifying bond, before sale, from said Welsh, such as is required by statute. The answer was a general denial.

. At the close of plaintiff's testimony the court sustained a demurrer to the evidence and plaintiff appeals.

The testimony for plaintiff tended to show that he had sold the goods levied upon to Mrs. Gilstrap, and took from her five notes, and an instrument in the nature of a chattel mortgage, to secure them. It being provided in the instrument that in case of failure to pay the notes the sale should be void. The testimony further tended to show that Mrs. Gilstrap found she would be unable to pay for the property, and by agreement between her and the plaintiff herein, she delivered the goods back to him, and he surrendered to her the notes and instrument securing them. Plaintiff not having any convenient way of caring for the goods, requested Mrs. Gilstrap to keep them for him, and they were left with her just as they were before the sale was rescinded, except that plaintiff exercised some acts of ownership, at different times, by loaning some of the property. As before stated the constable was notified the goods were plaintiff's. This evidence undoubtedly tended to show that as between Mrs. Gilstrap and plaintiff, the property belonged to plaintiff.

Before any liability attaches to the officer for not

taking an indemnifying bond, under section 3023, Revised Statutes, the party claiming the goods should take such action as to bring himself under the protection of the statute.   Mere written notice to the constable that the claimant is the owner of the property, without being sworn to, and not containing the other statements required by said section, is not sufficient of itself to justify the officer in demanding an indemnifying bond, under the statute.   It is not necessary to decide whether there are cases, without reference to the statute, in which an officer might demand a bond.

The breach really assigned in the petition is the taking of plaintiff's property on a writ against a third person.   The allegations contained in the petition that the officer did not take an indemnifying bond is, perhaps, merely to show why the officer is sued, instead of a suit on a bond taken by the officer, as contemplated by sections 3023 and 3025, Revised Statutes.

If an officer takes the property of one, not the defendant in the execution, he is guilty of a trespass, without regard to notice, and would be liable to an action therefor.

The relator here was not the defendant in the execution under which these goods were sold, and the question is, were the goods his property.   In certain respects, as regards the rights of certain classes of persons, they were not, under the evidence, his property.   Whichever way we view the evidence, the property was not the property of the plaintiff in this case, as against creditors, under one, or the other, of sections 2505, or 2507.   As against others than creditors, or subsequent purchasers, without notice, the property was that of plaintiff.

The judgment upon which the execution issued, was void, being against a married woman.

The execution, however, was regular, on its face, and came from a court of jurisdiction over the subject-matter.   In such cases it is settled law that the officer is not bound to examine into the process in his hands.   He need not go behind the writ.   He need not compare it

with the judgment, or other process in the case. This is held to be the law in nearly every jurisdiction. The question discussed by counsel, however, that is, what is the officer's liability, though his writ be regular on its face, if he has knowledge *aliunde* of the writ being void, is one on which there is not a settled opinion. An examination of the decisions of this state on this subject, beginning with *Miller v. Brown* (3 Mo. 127), and ending with *Melcher v. Scruggs* (72 Mo. 406), does not disclose that this phase of the question has been decided. Nor do I deem it the real question in this case. Leaving out of view the officer's knowledge *aliunde* the writ, and even conceding that he need not look beyond his writ, regular on its face, and emanating from a court of jurisdiction over the subject-matter, even though he had notice *aliunde*, yet this rule would only apply when he is taking property of the defendant in the execution. If he takes the property of a third person, he is a trespasser without regard to his writ, his knowledge, or notice. A writ against A, however formal and regular, is no justification for the taking of the property of B. In this case he would only be justifiable in taking the property of this plaintiff on an execution againstMrs. Gilstrap, by reason of the plaintiff in the execution being her creditor, and, under the statute, havingthe right to hold the property, which not having been transferred according to the statute, became liable to creditors.

In such case the officer must not only show his execution, but the judgment back of it. *Sheldon v. Van Buskirk*, 2 N. Y. 477; *Walker v. Lowell*, 28 N. H. 139; *Dawson v. Bryant*, 2 Pick. 411; *Noble v. Holmes*, 5 Hill 194; *Van Etten v. Hurst*, 6 Hill 311; *Lake v. Billers*, 1 Ld. Raymond 733; *Savage v. Smith*, 2 W. Bl. 1104.

In the case of *Van Etten v. Hurst, supra*, notwithstanding the doctrine in New York goes the full length of holding that there can be no evidence received against an officer of his knowledge, outside of the writ, it is said: "But there can be little doubt that the defend-

ants mean to attack the sale on the ground that, although it may be good as between the parties to it, it was fraudulent and void as against creditors. To do this, they must show a judgment as well as execution; or where, as in this case, they proceed by attachment, they must show that the justice had jurisdiction, and that the process was regularly issued. And this is necessary to the justification of the officer, as well as the creditor." *High v. Wilson*, 2 Johns. 46; *Noble v. Holmes*, 5 Hill, 194, and note *b*. In most cases, process, regular on its face, will be a sufficient protection to the officer; but it is otherwise when the process is used for the purpose of avoiding a sale under the statute of 13 Elizabeth. There the officer must show a good foundation for the process.

And so the matter is plainly stated in *Dawson v. Bryant*, *supra*, as follows: "The distinction which seems not to have occurred to the judge at the trial, is, that where the execution, or writ, upon which goods are taken, is against the plaintiff himself, the officer is justified by the precept itself, for that commands him to take the goods of the plaintiff, and is a sufficient authority. But where the goods taken are claimed by a person who was not a party to the suit, and he brings trespass, and his title is contested on the ground of fraud, under the statute 13 Elizabeth, chapter five, a judgment must be shown, if the officer justifies, under an execution, or a debt, if under a writ of attachment, because it is only by showing that he acted for a *creditor*, that he can question the title of the vendee."

It is apparent, then, that when plaintiff introduces testimony tending to show that as between him and Mrs. Gilstrap the property was his, it devolved on the constable, in order to justify his acts, not only to introduce a valid writ, but likewise a valid judgment. The statute of this state only makes such sales void as to creditors, or subsequent purchasers. They are valid between the parties.

Plaintiff in the execution was a creditor of Mrs. Gilstrap, in the general acceptation of that term, but in

order to reap the benefit of the statute, he should be in condition to enforce his claims by process; a creditor, though recognized *to be* such, could not take the prop-erty of one, other than his debtor, without process, a proper execution, or attachment. If an execution, it must be based on a valid judgment. *Noble v. Holmes*, 5 Hill 194.

The officer can only justify the taking of third parties' property by showing that he was representing a creditor; he could only represent a creditor by a valid judgment, and as the judgment in this case was void, his authority failed him.

The cause has not been tried in conformity to the views herein advanced, and for that reason is reserved and remanded. All concur.

19  593
71  218

