Updyke v. Wheeler.

Lucy A. Updyke, Respondent, v. S. E. Wheeler,
Appellant.

Kansas City Court of Appeals, February 4, and December 2,
1889.

1.    **Sunday Law : attachment.**    In order to warrant the issuance
and service of a writ of attachment on Sunday, under sections
1054 and 4039, Revised Statutes, 1879, the affidavit must state, as
in those sections required, that " the debtor is about fraudulently
to secrete or remove his effects."

2.    **Replevin: plaintiff must show right in himself : posses-
sion.**    In replevin though it appear defendant has no right to keep
the property, yet plaintiff must show property, general or special
in himself.    Lawful possession is good against a wrongdoer.

3.    ———: **evidence : declarations of agent.**    Where a constable
with a writ of attachment overtakes M. on the road and levies his
writ on the goods in M.'s possession, and plaintiff replevins the goods
so attached from the constable, on the theory that M. is
her agent, the declarations of M. at the time of the levy by defend-
ant, as to the ownership of the property and where he was taking
it, is admissible in evidence, against the plaintiff.

Updyke v. Wheeler.

4. ————: VERDICT. A verdict in replevin, involving the ownership of property consisting of a variety of articles, may be in favor of plaintiff for a part and defendant for the remainder.

5. Appellate Practice : ABSTRACT : MOTION FOR NEW TRIAL. When no question is made as to the existence of the motion for a new trial, or its sufficiency, it will not be assumed no such motion existed from the fact that it has not been set out in the abstract.

### On motion for rehearing.

Replevin : EVIDENCE : DECLARATIONS OF AGENT : RES GESTÆ. If M. was plaintiff's agent in charge of the property under her instructions, and driving fast to get out of the state as she directed, then his declarations when overtaken as to its ownership and where he was taking it, are part of the res gestœ, are the declarations of the plaintiff herself and are admissible; but should be restricted to what M. said and did in reference to the matter in issue at the time he was overtaken.

### Appeal from the Jasper Circuit Court.—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

Samuel E. Wheeler, for the appellant.

(1) The finding of the jury, trying a case in replevin, must be as to the whole of the property replevied; and the verdict, where the property consists of a number of articles, may be in favor of plaintiff as to a part, and in favor of defendant as to a part, according to the rights of the respective parties, as disclosed by the evidence. R. S. 1879, sec. 3673; *Hotchkiss v. Ashley*, 44 Vt. 195; *Elden v. Thompson*, 2 Har. and G. Md. 32; *Powell v. Hinsdale*, 5 Mass. 343; *Clark v. Keith*, 9 Ohio, page 72; *Brown v. Smith*, 1 N. H. 36; *Wright v. Mathews*, 2 Blackf. [Ind.] 187; *O'Keefe v. Kellog*, 15 Ill. 351; *William v. Beede*, 15 N. H. 483; *Pratt v. Tucker*, 67 Ill. 346; *Frost v. Shaw*, 3 Ohio Stat. Rep. 270. (2) And, if the verdict be not according to, and supported by, the evidence, it must be set aside, and a new trial granted, on

motion for new trial. *Spooner v. Railroad,* 23 Mo. App. 403; *Foley v. Alkire et al.,* 52 Mo. 317. See also *Borgraffe v. Knights,* 22 Mo. App. 127; *O'Donnell v. Railroad,* 7 Mo. App. 90; *St. L. Brewing Co. v. Bodeman,* 12 Mo. App. 373; *Wight v. Railroad,* 20 Mo. App. 431; *Taylor v. Fox,* 16 Mo. App. 527. (3) Declarations of a party in possession of personal property, made in reference to such property, and against the interests of the holder, are admissible in evidence, to establish the ownership thereof. And especially in a case where the declarations are those of an agent, at the time engaged by, and on behalf of, his principal, in fraudulently carrying such property out of the reach of pursuing creditors of his principal, and are offered against said principal's interests, or the interest of any party in privity or collusion with such principal, as to the fraudulent removal of said property. Best Ev. [Am. Ed. 1882] sec. 366; 1 Greenl. Ev. [14 Ed.] sec. 34, p. 46; 1 Greenl. Ev. [14 Ed.] sec. 113, p. 144; 1 Greenl. Ev. [14 Ed.] secs. 108, 109, 111 and 112; Starkie's Ev. [9 Ed.] side p. 89, top p. 87; Starkie's Ev., side page 467, *et seq.,* also pages 64 and 65; *Resch v. Senn,* 28 Wis. 286; *Prideaux v. Mineral Point,* 43 Wis. 513; *Colt v. LaDue,* 54 Mo. 386; *Deyerhart v. Schmidt,* 7 Mo. App. 117; *Kellogg v. Adams,* 51 Wis. 138; 2 Smith's Leading Cases, 183 and notes; *People v. Andrews,* 26 Wis. 317; 3 Greenl. Ev. 93; Waite on Frauds, cen. page 379 (1884); Waite on Frauds, sec. 281, p. 381. (4) An attachment for rent may be had, in this state, on Sunday. R. S. 1879, sec. 3091, p. 517; R. S., sec. 3092, p. 518; R. S., sec. 4039, p. 694. (5) An officer who has taken property, under a regular attachment writ, and seeks to justify and explain his possession under the same, is entitled to put his writ in evidence; and in executing a writ of attachment on Sunday, or any other day, he is not required by the laws of this state to know, or to take cognizance of, nor is he charged with knowledge of, the contents of

the plaintiff's affidavit and statement in attachment, filed in the court from which the writ issued. *State ex rel. v. Rucker*, 19 Mo. App., p. 587; *Melcher v. Scruggs*, 72 Mo., page 406; Drake on Attachment [ 6 Ed. ] secs. 117, 118, 119, 184 and 184.

*Thomas & Hackney*, for the respondent.

(1) The testimony of the plaintiff made out a case against the defendant, and, the jury having found in her favor under appropriate instructions, this court will not weigh the evidence. (2) No error was committed in excluding the writ of attachment issued in the case before the justice. The proceedings were commenced on Sunday. The affidavit for attachment did not allege "that the debtor was about fraudulently to secrete or remove his effects." Hence the justice had no jurisdiction to issue a writ on that day. R. S. 1879, sec. 1054; *Allen v. Godfrey*, 44 N. Y. 433. The writ of attachment was for that reason void, and was no protection to the constable. Waples on Attachment, pp. 76, 77, 78, and cases cited; Drake on Attachment [3 Ed.] sec. 84. And a levy of the attachment by him on that day was an act of trespass. R. S. 1879, sec. 4039. (3) The declarations of Moss and Shepard, as to the ownership of the property, were clearly inadmissible against respondent, and the court committed no error in excluding them. *Carroll v. Frank*, 28 Mo. App. 69. The appellant has no standing in this court to allege error in the trial of this cause. If the trial court committed any errors, it should have had an opportunity to correct them by motion for new trial. *State ex rel. v. Hurlstone*, 92 Mo. 329. And such motion must be preserved in the record presented to this court.

ELLISON, J.—This is an action of replevin instituted in the circuit court of Jasper county. The defendant's answer was a general denial, and, as a further defense,

alleged that he was constable of Marion township, in said county, and, as such, he had levied upon and was holding the property, by virtue of a writ of attachment issued by a justice of the peace in said county in the cause of "John B. Cole and Stephen B. Cox, plaintiffs *v.* J. W. Shepard, defendant." The cause for attachment, as stated in the affidavit, was that "the defendant, J. W. Shepard, has disposed of the crop grown by him as tenant of the plaintiffs on the following described land," etc. "And that defendant is about to remove from the state of Missouri with intent to change his domicile."

The writ of attachment was issued and executed on Sunday, and was therefore void, and affords no justification to the officer. Section 1054, Revised Statutes, authorizes the issuance and service of writs on Sunday in cases of attachments "where a debtor is about fraudulently to secrete or remove his effects." But the affidavit should so state, in order to authorize the issuance or service of the writ.

Here, the affidavit is not that the defendant is about to secrete or remove his property, but that he has disposed of it. Section 4039, Revised Statutes, does not relieve defendant; for that section only authorizes the officer to serve a writ of attachment in a like case provided for in section 1054. We have been cited to *State ex rel. Lemon v. Rucker*, 19 Mo. App. 587, but we think it has no application to the case at bar.

II. Notwithstanding defendant has no right or authority to keep possession of the property, it does not follow that plaintiff is necessarily entitled to recover. She must show property, general or special, in herself. It is true that in the absence of other evidence, and as against a trespasser or wrong-doer, a lawful possession will support the action of replevin (*Smith v. Lydick*, 42 Mo. 209); but in this case, plaintiff was not in the possession of the property at all at the time

of its seizure, unless through her agent, Moss, from whom it was taken. This brings up one of the principal points in the case. Moss, who was in the actual possession of the property, was overtaken by the officer and the plaintiff in the attachment suit, a short time before dark, some four or five miles southwest of Carthage, making his way to the Indian Territory. The evidence tends to show that he left Carthage that late in the evening in order to avoid the attachment which in fact issued, and that the plaintiff in this suit instructed him to drive fast. Under these circumstances defendant offered to prove Moss' declarations as to the ownership of the property and where he was then taking it. The trial court rejected the offer, and such action is assigned for error. There can be no doubt that from plaintiff's theory, whatever relation existed between plaintiff and Moss, as to this property was as principal and agent. Moss had the property in charge for her, indeed this is necessarily her theory of the case. This being true, Moss' declarations, at the time of the seizure of the property, should have been received in evidence as the declarations of an agent. 1 Greenleaf Ev., sec. 113.

III. The verdict of the jury included the entire property replevined. Plaintiff, as a witness at the trial, disclaimed ownership to a portion of it, and it was therefore error in the court to sustain a verdict for that portion. *Spooner v. Railroad*, 23 Mo. App. 403. A verdict in replevin, involving the ownership of property consisting of a variety of articles, may be in favor of plaintiff for a part and defendant for the remainder; or, as it has been sometimes expressed, may be in favor of both parties. Wells on Replevin, sec. 744.

IV. It is next contended that, as appellant has not set out in his abstract the motion for new trial, we should treat the case as though none had been filed. I do not think this is a correct interpretation of rule 15. That rule only requires the abstract to set forth so much

of the record as is necessary to a full understanding of all the questions presented for decision. There is no question presented here as to there being a motion for new trial, or that it did, or did not, cover certain objections. When no question is made as to the motion or its sufficiency, we will not assume that no such motion existed from the fact that it has not been set out in the abstract.

With the concurrence of the judges, the judgment is reversed, and the cause is remanded.

### ON MOTION FOR REHEARING.

If Moss was plaintiff's agent, he being in charge of the property as such agent, under instructions from her and attempting to get it out of the state, she telling him to drive fast, his declarations when overtaken as to the ownership of the property, and where he was then taking it, are apart of the *res gestæ* and are admissible. They are, in effect, the declarations of plaintiff herself. They do not relate to past transactions but to what was then depending.

Greenleaf in section 113, volume 1, of his work on evidence says, that wherever what the agent did is admissible in evidence, there it is competent to prove what he said about the act while he was doing it. The cases cited from this state of *Ladd v. Couzins*, 35 Mo. 516; *Adams v. Railroad*, 74 Mo. 556; *Bevis v. Railroad*, 26 Mo. App. 21, sustain, instead of controvert, what was stated in the opinion.

Questions concerning Moss' declaration should be restricted to what he said and did in reference to the matter at issue, at the time he was overtaken.

The motion will be overruled.