## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1909.

*(Continued from Volume 138)*

CHARLES KESSE, Respondent, v. J. H. WILSON et
al., Appellants.

**St. Louis Court of Appeals, May 25, 1909.**

1. **REPLEVIN: Prima-Facie Case.** In an action of replevin be-
fore a justice of the peace, for a cow and calf which had been
levied upon by the defendant, a constable, under execution
against a third party, the evidence is examined and held suf-
ficient to make out a case for the plaintiff, and held also that
the statement of plaintiff was sufficient.

2. **JUSTICES OF THE PEACE: Executions: Claim of Property
by a Third Person.** Where property is levied on by a consta-
ble under execution and a third person claims the property
under section 4043, Revised Statutes of 1899, such claim will
not bar the claimant's action in replevin for the property, un-
less the affidavit in support of the claim stated all the matters
required by that statute, and unless the constable had taken
a bond as therein required.

Appeal from the Scott Circuit Court.—*Hon. Henry C.
Riley,* Judge.

AFFIRMED.

*J. R. Young* for appellants.

This is jurisdictional, and may be raised for the first time in this court. It is necessary to show that the property in question in an action of replevin before a justice of the peace, was not seized under any process or attachment against the property of the plaintiff. That is a necessary allegation, and should be proven. R. S. 1899, sec. 3901; Turner v. Bondalier, 31 Mo. App. 582; Fredrick v. Tiffin, 22 Mo. App. 443; Dowdy v. Womble, 41 Mo. App. 573. The defendant, in order to recover damages, must plead the injury under the statutes. R. S. 1899, sec. 3901. The statement and affidavit must conform to the statute; and.if such is not the case, the justice had no jurisdiction, and none can be conferred on circuit court by appeal. Dowdy v. Womble, 41 Mo. App. 577; Madkins v. Trice, 65 Mo. 656.

GOODE, J.—This is an action of replevin, instituted before a justice of the peace of Kelso township in Scott county. The complaint was duly verified by the affidavit of plaintiff and alleged he was the owner of a cow and calf of the following description: "A large red cow with calf about four months old," and that the cow, prior to March 12, 1907, was in the possession of G. W. Kesse; that defendant Hallec Wilson is constable of said township and defendant J. D. Randolph, is deputy constable, acting under said Wilson; that on March 12, 1907, said Randolph, as deputy constable, levied on the cow and calf under and by virtue of an execution against G. W. Kesse, and said cow and calf are now in the possession of said Randolph and Wilson, not having been taken under an attachment or execution against plaintiff; that plaintiff has the right to their possession and the same are being wrongly withheld from him; wherefore he prayed judgment for the restoration of them and damages sustained for the wrong-

ful detention.    Plaintiff had judgment before the jus-
tice and also on the appeal in the circuit court.    The
evidence is uniform in favor of his ownership of the
property.    He had bought the cow from G. W. Kesse,
his brother, in October, 1906, and ten days later she
gave birth to the calf.    Plaintiff kept the two animals
until December 20th, and as he was not getting much
milk from the cow, took her to his brother's place at
Gray's Point for the latter to sell her for plaintiff.
The brother said if plaintiff would bring the cow to
Gray's Point, she might be sold for $35.    We find no
merit in this appeal.    The complaint is sufficient to
make a case and so is the proof.    One point raised is
want of evidence to prove the property was not seized
under process against the plaintiff, but this fact was
proved positively.    Another contention is lack of evi-
dence to show the property was wrongfully detained
from plaintiff in Scott county, but certainly there was
ample evidence to warrant the jury to find it was.
Complaint is made that the affidavit does not conform
to the statutes.    The statement contained all essen-
tial facts, and the affidavit said the facts set forth in
the statement were true to the best of affiant's knowl-
edge and belief.    This was sufficient compliance with
the statutes.    [R. S. 1899, secs. 3901, 3902.]    The
principal objection to the verdict seems to be that plain-
tiff had served a verified notice on the constable under
the provisions of section 4043 of the statutes, claiming
to own the property.    The extent of the proof on this
subject contained in the record is that an affidavit,
which was not introduced, was delivered by plaintiff to
the constable, stating the cow and calf seized under the
execution against G. W. Kesse, belonged to plaintiff.
Whether the affidavit stated the other matters required
by the statute to be set out in it, was not shown, but
should have been to make the defense good.    [State
ex rel. v. Rucker, 19 Mo. App. 587.]    If it appeared
plaintiff had given a notice containing the requisite

particulars, and thereupon the constable had taken a bond of indemnity, plaintiff would be held to have elected to pursue the statutory remedy as against his right to replevy or sue the officer for damages. [R. S. 1899, sec. 4045; Bradley v. Holloway, 28 Mo. 150; Dood v. Thomas, 69 Mo. 364; Hawk v. Applegate, 37 Mo. App. 32; Palmer v. Shenkel, 50 Mo. App. 571; Talbot v. Magee, 59 Mo. App. 347.] It is argued the constable was entitled to forty-eight hours in which to obtain an indemnity bond, and plaintiff sued in replevin before said time had elapsed. This contention would be of weight had proof been made that the notice to the constable was of such a character as called on the officer to require a bond or release the property to the claimant. Evidence to establish a defense on this score is not before us.

The judgment is affirmed. All concur.