JOHN LONG, Respondent, v. JOHN HICKEY, Appellant.

Springfield Court of Appeals, March 27, 1920.

1. **INTOXICATING LIQUORS: Evidence Held to Sustain Judgment in Replevin Against Town Marshal, Who Took Whiskey Without Justification.** In replevin for whiskey defendant, a town marshal, had unlawfully taken from plaintiff, *held*, notwithstanding defendant claimed to have stored the whiskey in the city holdover and to have given the key to the mayor, the evidence was sufficient to sustain a judgment against defendant.

2. ——: **Where Town Marshal Unlawfully Took Whiskey, Replevin Would Lie.** Where town marshal unlawfully took whiskey from plaintiff and stored it in city holdover, replevin was properly brought against him, notwithstanding he delivered key to mayor, where it appeared he could procure key from mayor, and under the law he was custodian of the liquor.

3. **REPLEVIN: Failure to Find Whether Defendant Was in Possession, Held Error.** Where defendant's possession at the time the writ of replevin was issued is put in issue, and is a controverted fact under the evidence, the jury must make a finding on such issue, and so state in the verdict, and a failure to do so is reversible error.

(92)

4. **APPEAL AND ERROR:** In Replevin, Failure to Find as to Defendant's Possession at Issuance of Writ, Held Harmless. In replevin against a town marshal, who had unlawfully taken whiskey from plaintiff, and claimed to have stored the same in the lockup and given key to mayor, failure of the jury to find that defendant was in possession at the time the writ was issued was harmless, where the evidence abundantly established that the defendant was custodian of the liquor and could have procured the key from the mayor at any time.

Appeal from Lawrence Circuit Court.—*Hon. Charles L. Henson*, Judge.

AFFIRMED.

*W. Cloud* for appellant.

(1) The record shows that the liquor was not taken as property but as a nuisance being hawked around on our streets and that the questions involved in the case were being investigated by a court having ample and exclusive jurisdiction with ample protection of plaintiff's rights. Colbey on replevin. Sections 316 and 317, and authorities cited. (2) The respondent agrees that it is true that the liquor was in the actual and constructive possession of the chief officer of the city and, inasmuch. as the chief officer of the city, for all purposes is the mayor, then we are agreed as to this contention. Sections 9306, 9311, of charter. The jury in their verdict failed to find that defendant was in possession at the institution of this action. Barnes v. Plessner, 127 Mo. App. 571; Grant v. Stufflefield, 139 Mo. App. 555.

*T. D. Steele* for respondent.

The law has frequently been stated by our appeiate courts that unless expressly stated in the charter to the contrary, valid ordinances cannot be ordained when inconsistant with the general State law. Wood v. Kansas City, 162 Mo. 303; Town of Paris v. Gra-

ham, 33 Mo. 94; Quinette v. St. Louis, 76 Mo. 402; Kansas City v. Hallett, 59 Mo. App. 160; Weber v. Lane, 99 Mo. App. 69; Black on Intoxicating Liquors sec. 223.

FARRINGTON, J.—The appellant complains of a judgment rendered against him in the circuit court of Lawrence County. This is an action in replevin by John Long, of Monett, against John Hickey, of Pierce City, for the recovery of 48 pints of whiskey which defendant, John Hickey, took away from John Long, the plaintiff, on the evening of July 31, 1919, at Peirce City. Long and a man by the name of White, on July 31, started in an automobile from Monett to go to Neosho, Mo., claiming they were going on a fishing trip with some parties there to McDonald County. They had with them in the automobile two grips or suit cases containing 48 pints of whiskey. When they arrived at Pierce City, the automobile was showing some signs of not working properly, so they concluded to leave the car there and take the evening passenger train for Neosho, the train for which place would arrive at Pierce City in a very short time. So they left the car at the garage and went with their grips to the depot and left them on the station platform and went into the station and purchased tickets to Neosho. About that time, and just a few minutes before the train going to Neosho arrived, the appellant, John Hickey, the marshal of the city, appeared on the platform and began interrogating the parties and examining the grips containing the whiskey, and plaintiff and his friend White, told Mr. Hickey that the grips contained whiskey and where they were going with it. Thereupon Hickey arrested them and took them to the city hall, called the police judge and also Mr. Vance, justice of the peace. The whiskey was taken out of the grips and counted by Mr. Hickey, who returned the two grips. They gave bond for their appearance for trial on August 4, before the police judge. It also appears that the justice of

the peace had notified the prosecuting attorney of the facts in the case and what had taken place, and that officer notified the justice that no violation of the State law had been shown and to dismiss the case and have Mr. Hickey return the liquor, which he refused to do. Thereupon, on August 2, 1919, Mr. Long being unable to obtain the whiskey, swore out a writ of replevin before Esquire Vance, who on August 14th, after hearing the evidence, rendered judgment in favor of Mr. Long, and from which Mr. Hickey appealed to the circuit court where the case was tried and a verdict rendered in favor of the plaintiff, Long.

In the trial in the circuit court, the defendant made his defense wholly on the ground that at the time of obtaining the writ of replevin he did not have the whiskey in his possession. Aside from a demurrer to the evidence, the only instruction asked by defendant is as follows:

"The court instructs the jury that if you find and believe from the evidence in the case, that defendant was not in possession of the whiskey sued for at the date of the commencement of this action, your verdict must be in favor of the defendant."

While some mention as to the validity of an ordinance was made in the briefs, such question was not considered by the trial court, and in open argument to this court the appellant's attorney stated that the question of possession and the right to recover from the defendant, the marshal of Pierce City, was all that was to be determined on this appeal. The evidence shows that the defendant took this whiskey into his possession, put it in a room in the city holdover and sometime thereafter delivered the key to the mayor; that he denied on the trial that he had the possession of the whiskey. He admitted that he could have obtained the key from the mayor at any time that he wanted it. It was also shown in the evidence that he had admitted in the trial in the police court that he had the whiskey and that he refused to tell the constable where it

was and refused to turn it over to him in this action of replevin.

The evidence is entirely sufficient to sustain the verdict of the jury, and while the verdict does not expressly find that the defendant had the possession of the whiskey, it does find that the plaintiff was entitled to its possession, and that the value of the same was $48. The instructions given clearly define the law of the case, and are so framed that the jury could not have found a verdict for the plaintiff unless it also found that the defendant was in possession thereof.

The following cases clearly hold that the defendant was the proper party against whom to institute this action of replevin: Talbot v. Magee, 59 Mo. App. 347; Kesse v. Wilson, 139 Mo. App. 1, 119 S. W. 508; Kimble v. McDermott, 154 Mo. App. 209, 134 S. W. 72.

Finding no error, the judgment will be affirmed.