SPRINGFIELD GROCER COMPANY *et al.*, Appellants, v. G. W. SHACKELFORD, Respondent.

St. Louis Court of Appeals, March 5, 1894.

1. **Presumptions:** POSSESSION AS EVIDENCE OF TITLE TO PERSONALTY. The possession of personalty is of itself sufficient to establish title as between the possessor and one who takes the property from him, but fails to establish any superior right thereto.

2. **Chattel Mortgage by Surviving Partner Administering upon Partnership Estate:** VALIDITY AS TO STRANGERS. Although a chattel mortgage of partnership assets, given by a surviving partner administering upon the partnership estate, may be voidable at the instance of anyone interested in the estate, it is not open to attack by a mere stranger.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*Sebree & Tatlow* for appellants.

(1) The court excluded the mortgage offered by the plaintiffs, because it appeared from the evidence *aliunde* that it was executed by Margaret Woods as a

surviving partner, and hence the evidence showed no authority in her to execute a mortgage on partnership property. In this the court clearly erred, because the rule is now well settled that both in law and in equity the whole personal estate of a decedent vests in the executor or the administrator. *Boeger v. Langenberg*, 42 Mo. App. 7; *Becraft v. Lewis*, 41 Mo. App. 546; *State ex rel. v. Moore*, 18 Mo. App. 406; *Smith v. Denny*, 37 Mo. App. 20; *Hellman v. Wellenkamp*, 71 Mo. 407. While it is true that the executor or administrator of an estate has no authority to transfer the property of the testator or the intestate, except as permitted by statute, such sale or pledge is only voidable, and would be treated as valid until called in question by a creditor, next of kin, or other person interested in the estate. *Boeger v. Langenberg*, 42 Mo. App. 13; *Salmon v. Claggett*, 2 Bland's Ch. 169, 171; *Kearney v. Vaughan*, 50 Mo. 284; *Connelly v. Hammond*, 51 Texas, 635; *Small v. Railroad*, 55 Iowa, 582; *Copeland v. Ins. Co.*, 6 Pick. 197; *Martin v. Judd*, 60 Ill. 78; *Ins. Co. v. Ins. Co.*, 55 N. Y. 350; *Huggins Cracker Co. v. Ins. Co.*, 41 Mo. App. 530. (2) The plaintiffs in this case, having shown that they were in possession of the goods in controversy under their mortgage claiming them as their own, made out a *prima facie* case, and were entitled to succeed in their action, unless the defendants could show a better title. *Weeks v. Etter*, 81 Mo. 376, 378; 2 Greenleaf on Evidence, sec. 637; *Summons v. Austin*, 36 Mo. 307; *Smith v. Lydick*, 42 Mo. 209. The instruction to that effect, which was asked by the plaintiffs, should, therefore, have been given.

*White & McCammon* for respondent.

(1) It is the settled law of this state that an administrator can not assign or transfer any property of a

decedent except as expressly permitted by the statutes, that is, under the proper order of the probate court. The common law rule invoked by appellants does not hold in this state. *Weil v. Jones*, 70 Mo. 560; *Stagg v. Linnenfelser*, 59 Mo. 336. The defendant is entitled to invoke this proposition. *Weil v. Jones, supra.* (2) The mere naked possession upon which the plaintiffs base a claim that they are entitled to recover is insufficient. *Poe v. Stockton*, 39 Mo. App. 556; *Wright v. Richmond*, 21 Mo. App. 76; *McMayhill v. Walker*, 22 Mo. App. 170; *Gartside v. Nixon*, 43 Mo. 138; *Broadwater v. Darne*, 10 Mo. 177.

BOND, J.—Plaintiffs secured a mortgage from Margaret Woods, covering partnership assets of the firm of Swift & Woods, of which she was a member, but which had been dissolved by the death of her copartner. She was appointed administratrix of the partnership estate, and executed the said mortgage without any authority of the court conducting the administration.

Plaintiffs caused the said mortgage to be recorded, and took possession thereunder and placed a man in charge of the goods, who acted for plaintiffs for a few days, when the goods were attached by the sheriff under some writ whose exact nature does not clearly appear. Plaintiffs replevied the goods.

The defendant filed a general denial, and claimed the property and possession thereof and demanded its return. On the trial the court excluded the mortgage, when offered by plaintiff.

The evidence disclosed that, at the time of the seizure of the goods by the sheriff, they were in the possession of plaintiffs' agent.

The court sustained a demurrer to plaintiffs' evidence, and refused an instruction requested by plaintiff.

to the effect that prior possession is presumptive evidence of title.

The jury returned a verdict for defendant, from which this appeal is taken, wherein the errors assigned are: *First*, the exclusion of the mortgage offered in evidence; *second*, the refusal of plaintiffs' instruction, and the sustaining of the demurrer to the evidence.

The actual possession of the goods in controversy at the time of the attachment is admitted to have been in appellants. No authority for their seizure was shown by defendant. He offered no evidence of a process or writ justifying the taking of the goods. Nor was there any evidence of title in the person against whom the writ was directed, nor any showing of privity on the part of defendant with the title holder of the goods. This state of facts presents the question of the effect of two possessions, one in the respondent and the other in the appellant, neither party having any property general or special in the goods.

This *status* of the parties was not affected by the offer of the appellants to show title by the mortgage, since the court, at respondent's request, excluded the mortgage.

Whatever effect, if any, the mortgage might have in determining appellants' title, and consequent right of possession to the goods, is withdrawn from our consideration by its rejection at respondent's request.

The law is elementary that "actual possession is evidence of title against anyone who does not show a better title." *Weeks v. Etter*, 81 Mo. 375. This rule is in thorough accord with the class of cases cited by respondent. Those cases hold that, when the issue in replevin is one of *title general* or *special*, it is indispensable to plaintiff's recovery that he should show a better general or special title than that of defendant. But none of these cases decide that, where the contest is

merely one as to the relative effect of mere *possession* in two parties (involving no other right or title in either), the prior possessor can not maintain the action of replevin. The true rule is that, until the issue of title arises, bare possession will entitle the plaintiff to maintain it against a stranger or wrongdoer having no higher or greater claim.

These views have been expressed with much clearness and force in a recent opinion by the supreme court, of Minnesota. *Anderson v. Gouldberg*, 53 N. W. Rep. 636. It is there said: "Therefore the only question is whether bare possession of property, though wrongfully obtained, is sufficient title to enable the party enjoying it to maintain replevin against a mere stranger, who takes it from him. We had supposed that this was settled in the affirmative as long ago, at least, as the early case of *Armory v. Delamirie*, 1 Strange, 505, so often cited on that point. When it is said that to maintain replevin the plaintiff's possession must have been lawful, it means merely that it must have been lawful as against the person who deprived him of it; and possession is good title against all the world except those having a better title. Counsel says that possession only raises a presumption of title, which, however, may be rebutted. Rightly understood, this is correct; but counsel misapplies it. One who takes property from the possession of another can only rebut this presumption by showing a superior title in himself, or in some way connecting himself with one who has. One who has acquired the possession of property, whether by finding, bailment, or by mere tort, has a right to retain that possession as against a mere wrongdoer who is a stranger to the property. Any other rule would lead to an endless series of unlawful seizures and reprisals in every case where property had once passed out of the possession of the rightful owner."

Our conclusion is, that the learned judge erred in sustaining the demurrer to appellants' evidence, and thus depriving them of the *prima facie* right to recover, accruing from their possession of the goods in dispute, at the time of the seizure, as against a party showing no right or title under the present record, beyond the caption of the property.

We also hold that the exclusion of the mortgage from the evidence was error under the facts shown in the present record. Appellants were in possession under this mortgage, which, although it may be voidable at the instance of any one interested in the estate thus conveyed, is not open to attack by a mere stranger. *Boeger v. Langenberg*, 42 Mo. App. 7.

The result is that the judgment herein is reversed and the cause remanded. All concur.