## MARYVILLE NATIONAL BANK, Appellant, v. RICHARD SNYDER, Respondent.

### Kansas City Court of Appeals, June 11, 1900.

1. **Replevin: EQUITIES.** In an action of replevin the equities of the parties in the property in question may be adjusted.

2. **Agistor's Lien: POSSESSION: STATUTE: EVIDENCE.** The evidence relating to an agistor's lien is found to establish the same and give it priority over chattel mortgage. The lienor or any one for him has a right to the possession under the lien without a writ for its enforcement and the statute prohibits his dispossession.

3. **Replevin: STRENGTH OF TITLE: TRESPASSER.** In replevin plaintiff can not recover on the want of title in the defendant, but must prevail by the strength of his own title. However, peaceable possession without more may prevail against a stranger or trespasser.

4. **Agistment: LIEN: CURING ANIMAL: STATUTE.** The statute giving a lien for keeping, etc., any horse, etc., justifies a lien for the expense of curing a colt.

5. **Liens:** VETERINARY SURGEON: COMMON LAW. A farrier or veterinary is at common law entitled to a lien for his services in treating an animal.

Appeal from the Nodaway Circuit Court.—*Hon. J. B. Newman*, Special Judge.

AFFIRMED.

*Cyrus A. Anthony* and *J. W. Tompson* for appellant.

(1) If the writ was void, Snyder, the constable, was a trespasser *ab initio* and can not shield himself behind Miller, between whom and Snyder there is no privity. "The constable could not acquire as against the owner, any special property in the goods" (mare and colt) of a stranger to the suit by the mere fact of levying upon them. He could not acquire any special property therein, as against the real owner, by virtue of his trespass against the property. Carroll v. Frank, 28 Mo. App. 70. If nothing is equal to $384.40, what are the mare and colt worth? (2) A wrongdoer can not as a defense show title in another, much less a lien. Craig v. Mason, 64 Mo. App. 348; Boot and Shoe Co. v. Bain, 46 Mo. App. 593. If the constable has no valid writ he has no justification. The lien is a statutory lien— measured by the statute. R. S. 1889, sec. 6730. Defendant pleads deformity of the colt—makes claim of $100 for "trimming its feet, applying medicine to its legs, and shoeing it." This item is not one contemplated by statute. Miller v. Marston, 56 Am. Dec. 695; Stone v. Kelley, 59 Mo. App. 218; Varney v. Jackson, 66 Mo. App. 350. The statute being in derogation of common law must be strictly construed. (3) Where the plaintiff "as the basis" for his lien makes "a lumping charge, in which is mingled an item for which the law gives no lien" no lien is acquired as to such

item. Nelson v. Withrow, 14 Mo. App. 277; Riley v. Milling Co., 44 Mo. App. 525; Varney v. Jackson, 66 Mo. App. 350; Miller v. Marston, 56 Am. Dec. 695. (4) The mortgagee, of chattels, after condition broken becomes the owner of the same. Robinson v. Campbell, 8 Mo. 365; White v. Quinlan, 30 Mo. App. 54; Straub v. Simpson, 74 Mo. App. 233; Burr & Co. v. Mathers, 51 Mo. App. 470, 475, 476.

*A. F. Harvey* and *E. A. Vinsonhaler* for respondent.

(1) Now as to the real points. That a defendant in replevin can show title in a stranger to defeat plaintiff, is elementary law. Cobbey on Replevin, sec. 784, p. 416. Here defendant was not a wrongdoer, taking property from the possession of the plaintiff, as in the cases cited by appellant, but on the contrary he received them from Miller the very morning this action was brought. And the distinction is clearly drawn in Grocer Co. v. Shackleford, 65 Mo. App. 364-367; Young y. Glascock, 79 Mo. 574; Talbot v. Magee, 59 Mo. App. 347; Kennedy v. Dobson, 44 Mo. App. 550-553; R. S. 1889, sec. 6738; Campbell Co. v. Roeder, 44 Mo. App. 324-329; Dilworth v. McKelvy, 30 Mo. 149. (2) The further point is here made that appellant's mortgage note was not due at the time of bringing this action and therefore it had no right to sue. Although defendant was about to sell the property to satisfy Miller's claim, this would give them no right to sue. Martin-Perrin Co. v. Perkins, 63 Mo. App. 310. (3) Upon the question of the lien of $100, for board, care and treatment of the colt. Here was a crippled animal of noted racing stock, in such condition that Yehle said, "let it go," and Miller said "had it been ordinary stock he would not have bothered with it." Miller increased the value of the animal and under all the authorities would have a common-law lien. Story on Bailment, 440;

2 Kent, star p. 635. And as said in Lord v. Jones, 24 Me. 439; s. c., 41 Am. Dec. 391, 392; 2 Am. and Eng. Ency. of Law (2 Ed.), p. 13. The case cited by appellant in 56 Am. Dec. 695, has no application to the facts here.

ELLISON, J.—This is an action of replevin for some blooded horses. Plaintiff claimed title through a chattel mortgage. Defendant is a constable and claimed to be in possession and to have a right to the possession by reason of a judgment rendered by a justice of the peace enforcing an agister's lien. The verdict of the jury found that defendant had an interest in a mare called Isabella in the sum of $275 and in her colt in the sum of $100, with interest on both amounts, making a total of $384.40. Plaintiff appealed.

The facts and contentions of the parties to this controversy are somewhat complicated. Although the action is replevin, yet under our administration of the replevin law, the equities of the parties may be adjusted. Hickman v. Dill, 32 Mo. App. 509; Dilworth v. McKelvy, 30 Mo. 149.

It appears that one Yehle was the owner of the animals and that Miller was the agister. That Miller's claim was prior to plaintiff's mortgage, and that Miller begun suit before a justice of the peace to enforce his lien for keeping and caring for the mare and colt. That a judgment was rendered, an execution issued to defendant as constable and that he was about to sell when plaintiff brought this replevin. The defendant constable conceded that all the claim he had on the animals was under his writ. The judgment of the justice enforcing Miller's lien was declared by instruction by the trial court to be void, and in consequence the defendant's writ was void. It further appears that Yehle, the owner, and Miller, the agister, were in reality acting in harmony; that is, that the owner willingly surrendered the animals for the enforcement of Miller's lien and

that he did not dispute the amount thereof, the judgment being by confession. Plaintiff goes so far in the brief as to charge collusion. But at all events, it is clear that while the defendant constable was officially holding the property under the writ, he was holding, after all, by reason of a *bona fide* agister's lien. The evidence indisputably shows that the animals are subject to Miller's lien and that it has priority over plaintiff's mortgage. It must be remembered that Miller, or any one for him, has a right to the possession under the lien without a writ for its enforcement. The statute prohibits dispossession of the lienor. Sec. 6730, R. S. 1889.

From these considerations it is clear that although defendant has no title to the animals, yet plaintiff can not recover on the weakness of his adversary's title; he must prevail, if at all, by the strength of his own title. Kennedy v. Dodson, 44 Mo. App. 550; Moore v. Carr, 65 Mo. App. 64. It is true that as against a stranger or trespasser seizing property in the peaceable possession of another that other can maintain replevin on his peaceable possession alone. Updyke v. Wheeler, 37 Mo. App. 680; Springfield Grocer Co. v. Shackleford, 56 Mo. App. 642. But here, plaintiff was not in possession. He makes an affirmative move for possession by suing out a writ of replevin. In such case the question, primarily, is not how weak is the defendant's claim but rather how strong is the plaintiff's? We, therefore, hold the action of the trial court to be correct in permitting a finding for the lienor's interest.

But it is claimed that in the charge for keeping the colt there was blended with the charge of keeping, a charge for services in curing it of a malformation, which sometimes disfigures or even renders colts worthless. The statute, section 6730, Revised Statutes 1889, reads: "Every person who shall keep, board or train any horse, mule or other ani-

mal, shall, for the amount due therefor, have a lien on such animal," etc. In our opinion, the terms of the statute justify a lien for the expense of curing an animal. The evidence shows that Yehle, the owner, authorized Miller to render this service and that he has no objection to the charge.

But even if such service be considered as beyond the terms of the statute, yet Miller, considered as a farrier or veterinary, would be entitled to a lien therefor at common law. Lord v. Jones, 24 Maine, 439; 2 Am. and Eng. Ency. of Law (2 Ed.), 13; 2 Kent. 635*; Story Bailment, sec. 440.

Since the circuit court in trying the cause eliminated several of the claims made by defendant, especially as to the aforesaid judgment before the justice and some claims on other animals, we have not gone into a discussion of those matters. The judgment will be affirmed. *Smith, P. J.*, concurs; *Gill, J.*, absent.