HARRY H. WESTBAY, Appellant v. G. D. MILLIGAN & SON, Respondent.

**St. Louis Court of Appeals, March 12, 1901.***

1. **Replevin:** TITLE: POSSESSION. To recover in replevin, the plaintiff, in action involving the issue of title, must be able to show title, general or special, to the property and a right to its immediate and exclusive possession in himself.

2. ———: ———: EVIDENCE: PRIMA FACIE PRESUMPTION OF TITLE. And in the absence of all evidence as to title in either party, possession of the property by one of them affords a prima facie presumption of title in him which disappears when evidence on that issue supervenes.

*This case was received too late to be placed in chronological order.

Appeal from Barry Circuit Court.—*Hon. Henry Clay Pepper,*
Judge.

AFFIRMED.

STATEMENT OF THE CASE.

This is the second appeal in this case.    Our decision on
the former appeal is reported in 71 Mo. App. 179, where the
material facts appearing on the first trial are stated.  On the
second trial, plaintiff introduced in evidence a conveyance of
the goods in dispute by A. W. Brown, the general owner, to
A. V. Darroch, to secure certain creditors, which authorized a
sale for that purpose.    This instrument was not recorded, nor
was there any evidence on this trial of a sale thereunder.  When
it was made, the maker, a merchant at Monett, was largely in
debt to defendants Milligan & Son for goods, wares and mer-
chandise, and had previously executed to them a mortgage cov-
ering on his entire stock and weekly remittances of proceeds of
sale thereof.    He, however, at once turned over the key to his
store to A. V. Darroch.    The latter instructed the salesman to
meet him at the store about midnight "when the arc lights were
out," which the evidence shows was done, and the goods were
boxed up, distributed and secreted in various dwellings and
stores around town.    On the next morning the present defend-
ants brought a replevin against the parties in whose possession
they found the goods covered by the mortgage to them.    Other
creditors of Brown brought attachments against such parties.
The officers executing these writs found the goods in the posses-
sion of the respective parties, and found those on plaintiff's
premises hidden in a cellar, the door to which was covered by a
carpet upon which a woman was standing engaged in ironing
clothes, the plaintiff having denied to the officer that he had any

of the goods when he was requested to surrender them under the writ in the hands of the officer. Thereafter, the defendants in the suit of replevin, which the present defendants had instituted, disclaimed any interest and that action of replevin was discontinued, whereupon the present plaintiff brought this action to recover the same goods. At the conclusion of the trial, developing the foregoing facts, the court at the request of the defendants, instructed the jury that plaintiff was not entitled to recover. From a verdict and judgment in accordance, plaintiff has prosecuted his appeal to this court.

*W. Cloud & Davis* and *A. V. Darroch* for appellant.

(1) The chattel mortgage from Brown to Milligan was void under section 3397, Revised Statutes 1889. Scott v. Riley, 49 Mo. App. l. c. 253; Stone v. McNealy, 59 Mo. App. l. c. 399. (2) And the burden of proof was on defendants to show that their taking of the property under their writs was rightful. Cobbey on Replevin, sec. 84. (3) The rule that where the plaintiff's title is denied, naked possession is not sufficient to maintain the action, but the plaintiff must prove property, general or special, is not applicable in this case under the answer of Milligan & Son, no denial of property either general or specific, having been made, and the answer containing no averment of property in a third person. Scott v. Riley, 49 Mo. App. l. c. 253; Stone v. McNealy, 59 Mo. App. l. c. 399; Gray v. Parker, 38 Mo. l. c. 165.

*Horine & Delaney* for respondents.

(1) To say that a mere possession of this character and thus secured is sufficient to maintain a replevin suit against an unquestioned, honest creditor, will lend color to the inference

that the possession of a burglar is an honest title. Bayless v.
LaFaivre, 37 Mo. 119; Pope v. Cordell, 47 Mo. 251; Wright
v. Richmond, 21 Mo. App. 76; Scott v. Riley, 49 Mo. App.
251. (2) Mere possession, without proof of general or special
property, is not superior to the claim of defendants, even if the
mortgage of defendant is fraudulent in fact. (3) Although
sales were made in the ordinary course of trade, and on remit-
tances made, yet this conduct can only be questioned by a cred-
itor or by a bona fide purchaser, and under the evidence, the
plaintiff herein is neither. So far as the record discloses, he is
a stranger and wrongdoer. R. S. 1889, sec. 5176; Johnson v.
Jeffries, 30 Mo. 423; Drew v. Drum, 44 Mo. App. 25; Bank
v. Bank, 50 Mo. App. 96; Mead v. Maberry, 62 Mo. App. 562.

BOND, J.—To recover in replevin the plaintiff, in an
action involving the issue of title, must be able to show title,
general or special, to the property and a right to its immediate
and exclusive possession in himself. In the absence of all evi-
dence as to title in either party, possession of the property by
one of them affords a prima facie presumption of title in him
which disappears when the evidence on that issue supervenes.
Springfield Grocer Co. v. Shackleford, 56 Mo. App. 642. In
the case at bar, the testimony of plaintiff's witness, J. S. Ben-
der, is that plaintiff denied that he (plaintiff) had possession
of the goods notwithstanding which the officer, who was armed
with a writ authorizing their seizure, found the goods con-
cealed in the cellar of plaintiff's residence. Plaintiff did not,
on the present trial, introduce any evidence disproving this
statement of his own witness. Unless plaintiff's statement, so
testified to, was untruthful, he did not even have possession of
the goods and could not invoke any presumption which might
arise from possession. But, conceding for the argument only,
that plaintiff was in possession of the hidden goods in his cellar

and of the others stored in different localities in the town, how could that avail him anything in view of the evidence introduced by himself that the title and ownership of the goods in dispute was in A. V. Darroch, with whom no privity of title or possession was shown on the part of the plaintiff under the present record? Plaintiff can, of course, only recover in this action upon the strength of his own title, since that became the issue in this case under the pleadings and the evidence. Upham and Gordon v. Allen, 76 Mo. App. 206. Had he introduced evidence, on this trial, connecting himself with the title of Darroch, he would have been in a proper position to demand a submission of the issue to the jury, since Darroch's title, if any, emanated from the same source from which the defendants herein claimed their title, namely, A. W. Brown, the general owner of the goods. These deficiencies in the proof adduced on the present trial were fatal to the sustension of plaintiff's right to recover, and, therefore, relieve us from the necessity of passing upon the validity of the title set up by defendants to the goods taken from their possession in this action. The result is that the judgment is affirmed. All concur.