Girdner v. Gibbons.

## J. M. GIRDNER, Appellant, v. W. J. GIBBONS, Respondent.

### Kansas City Court of Appeals, January 6, 1902.

1. **Bills and Notes: ALTERATION: ATTESTING WITNESS.** The appearance of the name of an attesting witness on the face of a note is a component and a material part thereof, and the adding or erasing of such a name after delivery, without the consent of the maker, is a nullifying alteration.

2. ———: ———: ———. If such addition or erasure is made honestly under some misapprehension or with the consent of the maker, it does not avoid the obligation.

3. ———: ———: ———: DEMURRER TO THE EVIDENCE: PRACTICE. The execution of a note was witnessed by B writing his name under that of the maker near the right-hand lower corner. On the next day, at the request of the holder, B scratched out his name and wrote it near the left-hand lower corner. *Held,* the maker was discharged and a demurrer to the evidence was properly sustained, even though the note had been read to the jury.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Miller Bros.* and *Sheetz & Sons* for appellant.

Plaintiffs made out a prima facie case, and the giving of the demurrer to the evidence was error. In this case the assignment of the note was proved; the note was admitted in evidence without objection; this makes a prima facie case, and the giving of the demurrer was improper. "Where there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive. judges of its weight and sufficiency; in such cases demurrers

Girdner v. Gibbons.

are improper." Taylor v. Short, 38 Mo. App. 21; Grant v. Railroad, 25 Mo. App. 227; Matthews v. Railroad, 26 Mo. App. 75; Bank v. Bank, 151 Mo. 320; Twohey v. Fruin, 96 Mo. 104; Charles v. Patch, 87 Mo. 450; Emma Dunbar and Sister v. Fifield, 85 Mo. App. 484.

*B. B. Gill* and *Jos. Barton* for appellants.

(1) Any alteration by the holder of a promissory note after delivery and without the consent of the maker, however immaterial in its nature, will vitiate the instrument and render the same void. This rule is now firmly established in this State. Bank v. Bosserman, 52 Mo. App. 269; Haskell v. Champion, 30 Mo. 136; Bank v. Armstrong, 62 Mo. 60; Bank v. Fricke, 75 Mo. 178; Morrison v. Garth, 78 Mo. 434; Moore v. Bank, 22 Mo. App. 684; Moore v. Hutchinson, 69 Mo. 429; Bank v. Dunn, 62 Mo. 79; Evans v. Foreman, 60 Mo. 449; Hord v. Taubman, 79 Mo. 101.

SMITH, P. J.—This is an action which was brought by plaintiff against the defendants on a promissory note executed by the defendants to one Francis and by him indorsed to the plaintiff. The defendants pleaded the defense of *non est factum*. The note sued on was as follows:

"$230.00          Chillicothe, Mo., Sept. 28, 1895.

"Ten months after date we promise to pay to Charles H. Francis or order two hundred and thirty dollars, for value received with eight per cent interest per annum thereon from date.

"Due—Witnessed by                "MRS. IRENE GIBBONS,

                                                      his
"No—R. Barney, Jr.          "WASHINGTON J. (x) GIBBONS,
                                                      mark
                                          * *Reuben Barney, Jr.,*
                                                      *Witness* only."

---

*Italicised words erased with red ink.

The plaintiff called as a witness R. Barney, Jr., whose name appears on said note as an attesting witness, who testified that at the request of defendant, Washington J. Gibbons, he signed his (Gibbons') name to said note and that he (Gibbons) touched the pen while his mark was being made by witness. The witness further testified that the next day after the note was delivered to the payee, he met the latter and with his consent but without the knowledge or consent of the defendants, the makers, he crossed out with a pen, using red ink, the words "Reuben Barney, Jr., Witness only" which appeared in the right hand corner of the note and just below that of the makers, and wrote near the left hand lower corner the words: "Witnessed by R. Barney, Jr."; and that "Richard Barney, Jr." and "R. Barney, Jr." were one and the same person—that is to say, the witness. Barney did not volunteer nor was he asked what the reason or motive was for erasing his name at one place on the note and writing it at another.

The vital question is, whether or not, under the circumstances just referred to, the erasure by the witness of his attestation at one place and then writing the words "Witnessed by R. Barney, Jr." at another on the note is an alteration, or at least such an alteration as had the effect to discharge the makers? We may say at the outset that we are not unmindful of the fact that the consideration of this question carries us upon exceedingly dangerous ground. In Haskell v. Champion, 30 Mo. 136, Judge SCOTT, in delivering the opinion of the court, remarked: "The law in dealing with the subject of the alteration of written instruments looks further than to the materiality or immateriality of the alteration. Aware of the danger of countenancing the most trifling change it has not permitted those intrusted with such instruments to alter them and afterwards defend their conduct by alleging the immateriality of the alteration." And the application of this rule has, since its announcement in the case just referred to,

been illustrated by a variety of cases many of which are cited in the brief of defendant's counsel.

In Kelly v. Thuey, 143 Mo. loc. cit. 434, it is said that "it is not permitted to a payee or obligee to make a change in a paper which he holds and then having made it assert, when caught, that he meant no harm by it and that it is immaterial. Hitherto we have tolerated no alteration in the contract, and we have always regarded and still regard *any change in the face of the contract as a nullifying alteration.'* And this rule in its application to commercial paper is more stringent than that in respect to the alteration of deeds and other written instruments. Burnett v. McCluey, 78 Mo. 676.

Fraud is the foundation of the rule that an alteration avoids the enforcement of a written instrument. The question then recurring is, whether the striking the name of an attesting witness from a note and writing the same name or another name at a different place thereon is a change in the face of the note. Where a promissory note is signed by a mark, a witness is unnecessary unless required by statute. There is no such statute in this State as there is in some of the other States, as for instance, Maine, Massachusetts and Vermont. In some of the States the distinction is made by statute between attested and unattested promissory notes, the former being excepted from the six-year statute of limitation and made actionable for a longer period. Randolph on Commercial Paper, sec. 68. When, however, a signature is made by mark or by initials, it is advisable to have an attesting witness, and when there is such witness the execution of the paper can only be proved by his testimony unless he (the witness) can not be produced at the trial on account of his death, absence from the country or other inability to appear. If he can not be produced, the execution may and should be proved by proof of his signature. And if he can not prove his own signature when he appears, it may also be proved by secondary evidence. Tiedeman on Com'l Paper, sec. 33; Greenleaf's

Ev., secs. 569, 572, 575; 2 Parsons on Bills and Notes, 474; Story on Prom. Notes, sec. 54. In Greenleaf on Evidence, section 569, it is said that the instrument must be proved by the subscribing witnesses and that the best reason upon which the rule is founded is that a fact may be known to the subscribing witness not within the knowledge or recollection of the obligor and that he is entitled to avail himself of all the knowledge of the subscribing witness relative to the transaction. The party to whose execution he is a witness is considered as invoking him as the person to whom he refers, to prove what passed at the time of the attestation. The rule originally framed as to deeds is now extended to every species of writing attested by a witness.

In Adams v. Frye, 3 Met. 107, where the obligee of a bond procured a person not present, nor authorized to attest it, to sign as a witness, it was held a material alteration. It was said by the court in deciding the case: "By adding to the bond the name of an attesting witness the obligee became entitled to show the due execution of the same by proving the handwriting of the supposed attesting witness if the witness was out of the jurisdiction of the court. It is quite obvious, therefore, that the fraudulent party might by means of such an alteration of a contract furnish the legal proof of the due execution thereof by honest witnesses swearing truly to the genuineness of the handwriting of the supposed attesting witness, and yet the attestation might be wholly unauthorized and fraudulent. It seems to us that we ought not to sanction a principle which would permit the holder of an obligation thus to tamper with it with entire impunity." And in Fisher v. King, 153 Pa. St. 3, it was said that "where an alteration is willfully made with the consent of the obligee, even though no additional liability is thereby imposed on the obligor, it avoids the instrument, and that the application of this rule does not in case of willful alteration depend upon the injury done in a particular case; but as said in Neff v. Homer, 63 Pa. St.

330, its true ground is public policy to insure the protection of instruments against fraud and substitution. And it has been held to be a material alteration to cause the name of a person to be placed on a note as a witness who was in no respect a witness to any part of the transaction. Huner v. Walliss, 11 Mass. 312. If there be a material alteration by the payee after delivery, willfully, however innocent the intention or slight the prejudice to the maker, the instrument is avoided."

The foregoing authorities have been referred to for the purpose of showing that the name of an attesting witness appearing on the face of a note is not only a component but a material part thereof, and that therefore the adding of the name of an attesting witness or the erasing the same therefrom after delivery and without the consent of the obligor is a change in the face of the note and therefore a "nullifying alteration." It results therefrom that if, as appears by the undisputed evidence, the alteration of the note in suit was willfully made by the attesting witness, Barney, with the approbation of the obligee and without the consent of the obligors, the latter must be held to have been thereby discharged.

It is perhaps proper to add as a qualification of the foregoing rule that if the payee or holder can show that the alteration was made honestly, if it can be reasonably accounted for as done under some misapprehension or mistake, or with the supposed assent of the obligor, it should not operate to avoid the note. Adams v. Frye, supra ; 2 Parsons on Bills and Notes, 556; 2 Daniels' Neg. Inst. sec. 1393. As the evidence disclosed the alteration of the note by the attesting witness was made with the approbation of the obligee and without that of the obligors and without more, the latter were thereby discharged. There was no evidence offered, the tendency of which was to show that the alteration was honestly made through misapprehension or mistake.

As the case stood before the court on the evidence, the

obligation sued on was extinguished. This was shown by the plaintiff's own evidence. There was nothing to the contrary. Such being the uncontradicted evidence, it was obvious that the plaintiff was not entitled to recover and the demurrer to the plaintiff's case was properly sustained. Even if the note was permitted to be read to the jury without any objection by defendants, still, with it in, accompanied by the undisputed facts established by the testimony of plaintiff's own witness, showing it to be an extinguished obligation, it was the duty of the court as a matter of law to so declare as it did.

The judgment must be affirmed. *Ellison, J.,* concurs; *Broaddus, J.,* not sitting.