# A. A. COOPER WAGON AND BUGGY COMPANY, Appellant, v. FRED WOOLDRIDGE, Assignee, Respondent.

### Kansas City Court of Appeals, April 6, 1903.

1. **Sales: CONSIGNMENT: CONVERSION: ALTERATION OF CONTRACT.** Where the vendor changes an application to purchase on a conditional sale to a commission contract he can recover on neither the conditional sale theory nor a commission theory, and conversion will not lie.

2. ———: ———: BILL ACCOMPANYING GOODS: CONSTRUCTION. Though the vendee applies to purchase conditionally, yet the bill delivered with the goods and which is accepted with them constitutes the contract, and a bill set out in the opinion is held to constitute an absolute sale and not a commission contract.

Appeal from Nodaway Circuit Court.—*Hon. Gallatin Craig*, Judge.

AFFIRMED.

*E. A. Vinsonhaler* and *S. E. Browne* for appellant.

(1) In this case it is immaterial whether the court holds that the transaction between Bailey & George was a commission contract or a conditional sale. In either case the title to the goods and their proceeds was in appellant and the appropriation of same by Bailey & George to their own use was a conversion. Thomas Mfg. Co. v. Huff, 62 Mo. App. 124. (2) While Bailey & George may have had the right on account of the changed order to elect to hold under the original order or under the commission contract, they can not repudiate in part and affirm in part. Bishop on Contracts, sec. 747.

*James B. Newman* for respondent.

(1) When appellant made material alterations in the order sent it by Bailey & George, it was rendered null and void, and the appellant deprived itself of the right to derive any benefit therefrom, or assert any claim or title thereunder. Girdner v. Gibbons, 91 Mo. App. 412; Bank v. Bosserman, 52 Mo. App. 269; Powell v. Banks, 146 Mo. 643, 644; Kelley v. Thuey, 143 Mo. 434. (2) The court, sitting as a jury, decided that it was an unconditional sale under the evidence. It was so considered and treated by both appellant and Bailey & George. This court will not retry the questions of fact found by the trial court. Richey v. Burnes, 83 Mo. 364; Hull v. Railroad, 60 Mo. App. 597. (3) Appellant's claim is in tort, and he can not recover upon a contract or a breach thereof. Sumner v. Rogers, 90 Mo. 324; Price v. Railroad, 40 Mo. App. 195; Sones v. Loomis, 19 Mo. App. 234; Crothers v. Acock, 43 Mo. App. 323. (4) Neither can one sue on contract of sale and purchase, and recover for trover and conversion. Carson v. Cummings, 69 Mo. 325; Huston v. Tyler, 140 Mo. 264. (5) The meaning of "Exhibit A" being in question, the interpretation put thereon by the parties themselves by their acts should prevail. Carter v.

Foster, 145 Mo. 392; Wetmore v. Crouch, 150 Mo. 682; Drug Co. v. Saunders, 70 Mo. App. 227; Bicking v. Stevens, 69 Mo. App. 169; Brewing Co. v. Waterworks, 34 Mo. App. 56.

BROADDUS, J.—The case stands as follows: On the 15th day of July, 1901, the firm of Bailey & George, doing business at Hopkins, Missouri, made a written order on plaintiff company, doing business as a manufacturer at Dubuque, Iowa, for twenty wagons, and other articles not in controversy here. The wagons were shipped to said first-named firm on the 1st day of August, next thereafter. Some time later, the date of which does not appear in the record, said Bailey & George conveyed their property and effects to respondent, Fred Wooldridge, as assignee for the benefit of their creditors, and plaintiff filed its claim before the assignee for the value of said wagons so shipped to said firm, alleging conversion, and asked that the same be allowed as a preferred demand. The referee refused to allow said claim, whereupon plaintiff appealed to the circuit court of the county, where, on trial anew, the finding was against claimant, and an appeal was taken to this court.

The written order aforesaid, made upon plaintiffs for said wagons and other articles, was in the nature of an application to purchase on condition that the title of the property remain in the plaintiff until the purchase price was fully paid; but when said application was received by the plaintiff company, the latter, without the knowledge of the defendant firm, inserted therein the words: "Terms: Comm. con.," meaning thereby that the transaction would be a consignment for sale on commission. But when the wagons were shipped they were accompanied by the following bill, viz.:

"A. A. Cooper Wagon and Buggy Co., wagon, buggy and sleigh manufacturers, Dubuque, Iowa, 8-1, '01.

Cooper Wagon & Buggy Co. v. Wooldridge.

"Sold to Bailey & George, Hopkins, Mo. Terms, commission contract. Shipped via. C. B. & Q. Car No. 42050. Order No. 3363. Payable in New York or Chicago exchange or funds at par in Dubuque, Iowa. 20 3 1-4 x 9, C. S. wagons, complete, gear brake, double box, Nos. . . ., $60, $1,200. . . .

"A discount of $7 per wagon will be allowed on this invoice if paid 1-3 each in 4, 6 and 9 months, and an additional discount of 5 per cent on net amount (after deducting above discount) if paid within 30 days."

The evidence disclosed the fact that Bailey & George sold the wagons but failed to pay plaintiff for them. Judging by the argument of the respective parties, the court held that the transaction was a sale, and not a consignment on commission, therefore, the action being on tort for a conversion, and not on contract, plaintiff was not entitled to recover.

The order made by Bailey & George for the goods was not accepted by plaintiff as it was written, and the insertion of the words, "Terms: Comm. con.," was intended to, and did so change its nature from that of a condition sale to a consignment for sale on commission. By reason of the spoliation of said order by plaintiff without the consent of defendant firm, plaintiff was precluded from recovering thereunder, either on the ground that the sale was a conditional one, or that the contract was one for sale on commission. Girdner v. Gibbons, 91 Mo. App. 412; Bank v. Bosserman, 52 Mo. App. 269; Powell v. Banks, 146 Mo. 620. In order to constitute conversion, the plaintiff was required to show either a conditional sale or a consignment for sale on commission, or, in other words, that the title of the property was at all times in the plaintiff.

The only remaining evidence bearing on that question is contained in the bill herein inserted, which accompanied the delivery of the goods. And it must be admitted that it does in fact contain the contract between the parties. The original order for the goods was not

a contract until accepted by the plaintiff, and the receipt by the said firm of said goods with the bill was an acceptance by them of the terms and conditions of the shipment, and thus constituted the contract between the parties.

An inspection of said bill, in our opinion, clearly shows a contract of sale, and not a consignment for sale on commission. The words, "Terms: Commission contract," mean nothing, taken in connection with the other parts of the instrument, as there is no provision therein as to the amount of commission to be paid for selling the wagons, or of any commission whatever. The words have no bearing and no connection with any other part of the writing. But it does appear clearly that the wagons were "sold to Bailey & George at Hopkins, Missouri," at a specified price for each wagon. And further, if payments are made in certain specified lengths of time, the purchasers are to have certain discounts.

As the plaintiffs, therefore, had no interest in the property itself, having parted with both the title and the possession, there was no conversion by Bailey & George.

For the reason given, the cause is affirmed. All concur.