BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1913.

H. D. SILSBY, Appellant, v. NELLIE E. WICKER-SHAM et al., Respondents.

Springfield Court of Appeals, April 7, 1913.

1. ADMINISTRATORS: Property Not of Estate: Administrator Taking Possession of: Owner May Replevin. Where an administrator takes possession of property not belonging to an estate and holds the same as being property belonging to such estate, a suit in replevin will lie by the owner of such property against the administrator in his official capacity.

2. ————: ————: Possession of and Sale by Administrator: Relief in Equity. Where an administrator takes possession of property not belonging to an estate and sells the same as part of the estate and receives and uses the proceeds as part of said estate, a court of equity will afford relief to the owner by decreeing that payment be made for such property out of the funds of the estate.

3. ————: ————: Administrator Taking Possession of and Selling: No Remedy Where Ownership and Possession Had Been Parted With. But where one parts with both the ownership and the possession of goods, in either of the above-mentioned events, he cannot thereafter maintain replevin for goods thus in possession of the administrator, nor will equity afford him relief, the administrator having sold the goods as part of the estate.

(128)

4. ————: **Exceeding Authority: Estate Not Bound.** A wife, as administratrix of the estate of her deceased husband, had no authority to bind the estate by purchasing and agreeing to pay for goods to be used in the continuation of the business which had been conducted by her husband before his death.

Appeal from Stone County Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*J. William Cook* for appellant.

(1) As a general rule, all property which a deceased person owned at the time of his death is property subject to administration. 18 Cyc. 58. (2) Personal assets are not necessarily restricted to personalty which deceased owned in his lifetime, but embraces also the proper and just earnings, incomes, accretions and accessions of and to those assets, even after the death of decedent. 18 Cyc. 174. (3) Wherefore, the goods, wares and merchandise sold by appellant as described in the petition are not assets of the estate of James E. Wickersham, deceased. (4) Replevin would lie for the property mentioned in the petition, provided the defendant, John S. May, had possession of same. White v. McFarland, 138 Mo. App. 338. (5) Then why isn't this action to establish an equitable lien proper after said property has been converted into money. 25 Cyc. 667.

*Rufe Scott* and *Charles L. Henson* for respondent.

(1) Where the descendant by ample provisions of his will has authorized the continuation of his business, his executor is authorized to bind his assets with the burden of the new obligations incurred after his death, in continuing the business. Schlickman v. Bank,

171 Mo. App.—9

129 S. W. (Ky.) 823, 29 L. R. A. (N. S.) 264; In re Levi's Estate, 73 Atl. (Penn.) 334; Crook v. Humes's Exr., 109 S. W. (Ky.) 364; Willis v. Sharp, 21 N. E. (N. Y.) 705; In re Moore, 127 N. Y. Supp. 884; Jewelry Co. v. Trust Co., 72 Mo. App. 514; Bank v. Tracy, 77 Mo. 594. (2) But, in the absence of express, positive, unequivocal and unambiguous provisions of a will authorizing it, executors and administrators are without any power to create a demand against the estate in their hands, based upon any contract or dealings arising after the death of the testator or intestate. Yeakel v. Priest, 61 Mo. App. 47; Matson & May v. Pearson, 121 Mo. App. 120; Bank v. Tracy, 77 Mo. 594; Campbell v. Faxon, 85 Pac. (Kan.) 760, 5 L. R. A. (N. S.) 1002; Grace v. Seibert, 85 N. E. (Ill.) 308; In re McGovern, 118 N. Y. Supp. 378; Newspaper Union v. Thurmand, 111 Pac. (Okla.) 204; Summers v. Board of Com'rs, 110 Pac. (N. M.) 509.

STURGIS, J.—Stranded on a demurrer in the trial court the plaintiff brings this case here by appeal. The sole question is whether or not the petition states facts sufficient to constitute a cause of action. As presented here the case is in effect against the estate of James E. Wickersham, deceased. The plaintiff alleges that he is and has been doing business as a wholesale hardware merchant; that said James E. Wickersham was engaged in like business at retail under the firm name, and was the sole owner, of the Crane Hardware Company; that he died in 1909, and his widow, Nellie E. Wickersham, was appointed administratrix of his estate; that she took possession of the stock of goods of the Crane Hardware Company and continued to operate said business and sell goods at retail; "that between the 18th day of October, 1909, and the 1st day of July, 1910, the said Nellie E. Wickersham, ordered, in the name of the Crane Hardware Company, for the Crane Hardware Company, certain goods, wares and

merchandise valued at $102.55, as is shown by the itemized statement hereto attached; that, relying on said orders being legally made, the plaintiff delivered to said Crane Hardware Company and Nellie E. Wickersham, the goods, wares and merchandise so ordered; that plaintiff made repeated demands upon the said Crane Hardware Company and Nellie E. Wickersham for payment therefor, which has been and now is refused.''

The petition further states that said administratrix sold many articles belonging to said estate, inclusive of part of the articles described in said "Exhibit," and that she used the moneys so received therefor in paying the obligations of said estate; that, thereafter in 1910, her letters of administration were revoked and that John S. May, public administrator of Stone county, Missouri, succeeded her in that office; that said May, as administrator, sold the residue of said hardware stock, inclusive of the unsold portions of the goods described in plaintiff's exhibit, and received and has on hand the purchase price amounting to $3200; that said May, as administrator, is about to make final settlement of said estate and does not intend to pay plaintiff for his goods, but does intend to distribute said estate to the creditors of the estate other than plaintiff, and the remainder, if any, to the heirs of James E. Wickersham. Plaintiff then states that he has no remedy at law to collect payment for his goods; and that unless aided by a court of equity, that he will never receive the money due him for his said property, which will work a hardship on plaintiff and leave him without any legal remedy. The relief played for is, "that this court shall adjudge to plaintiff a lien on the moneys in the possession of the said defendant, John S. May, in the sum of $102.55 and for interest on same and for his costs; which said lien shall be on moneys belonging to the estate of James E. Wickersham, deceased; and that defendant, John S.

May, be restrained and enjoined from distributing all the moneys in his possession in this matter, but that said John S. May be ordered to retain so much thereof as it will take to satisfy plaintiff's claim and his costs.''

It seems to us that this is a rather long call on a court of equity. The theory of plaintiff, as presented to this court, is that as replevin would lie for the property mentioned were it yet in the hands of the administrator, so the administrator, having converted said property to the benefit of the estate and the estate having profited thereby, ought to be compelled to refund the value of the property so converted out of the assets of the estate. There is no allegation in the petition as to the extent, if any, the proceeds of this property went to swell the funds of the estate. There is an allegation, however, that the proceeds of this property were used in part in paying the obligations of the estate, and that the balance was sold along with, and as part of, the effects of the deceased and the whole proceeds are in the hands of the administrator.

It will be conceded that where property, not belonging to an estate, is taken possession of and held in good faith by the administrator as being property belonging to such estate, a suit in replevin would lie by the owner of such property against the administrator in his official capacity. [White v. McFarland, 148 Mo. App. 338, 348, 128 S. W. 23.]

It would be fairly deducible from this and other authorities that where an administrator under such circumstances sells the property as part of the estate, but which does not in fact belong to the deceased or to his estate, and receives and uses the proceeds as part of said estate, a court of equity would afford relief to the owner by decreeing payment to be made for such property out of the funds of the estate. [Matson & May v. Pearson, 121 Mo. App. 120, 97 S. W. 983; Nichols v. Reyburn, 55 Mo. App. 1.]

The difficulty with plaintiff's contention as applied to the facts of this case is that plaintiff was not the owner of the goods in question at the time the same were sold by defendant as administrator or by his predecessor in office. The facts alleged show that plaintiff intended to and did part with all ownership of the goods at the time the same were shipped and delivered by him to the Crane Hardware Company. The exhibit, made part of the petition, shows that on plaintiff's books the goods were put down as "sold" to the Crane Hardware Company. It is not claimed that at the time of so selling and delivering said goods to the Crane Hardware Company, then in charge of Nellie E. Wickersham as administratrix, the plaintiff was ignorant of the fact that James E. Wickersham, the former owner, was dead; and that her possession and powers over said property was that of an administratrix only. There is no suggestion that she used any misrepresentation, fraud or concealment of the facts in order to get possession of such property, either for herself or for such estate. The allegations clearly show that plaintiff either sold the goods to Nellie E. Wickersham as an individual or to her as administratrix of her husband's estate. In either event plaintiff parted with both the possession and ownership of the goods, and could not thereafter maintain replevin as plaintiff contends. [Cooper Wagon Co. v. Wooldridge, 98 Mo. App. 648, 653, 73 S. W. 724; Westbay v. Milligan 89 Mo. App. 294; Bank v. Snyder, 85 Mo. App. 82, 86; Kennedy v. Dodson, 44 Mo. App. 550; Moore v. Carr, 65 Mo. App. 64, 69.]

Plaintiff practically concedes that Nellie E. Wickersham as administratrix had no authority to bind the estate of her deceased husband by purchasing and agreeing to pay for these goods. Such is clearly the law. [Yeakle v. Priest, 61 Mo. App. 47; Exchange Bank v. Tracy, 77 Mo. 594; Matson & May v. Pearson,

121 Mo. App. 120, 97 S. W. 983; Campbell v. Faxton (Kas.), 5 L. R. A. (N. S.) 1002.]

It follows from this that plaintiff's petition does not state facts showing a valid claim against the estate of James E. Wickersham in the hands of his administrator, which can be enforced by a court of equity. The trial court did right in sustaining the demurrer and its judgment is affirmed.

All concur.